IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**CAROLYN CULLEY-BROWN,**

        Plaintiff,

v.                                    **CIVIL ACTION NO. 5:21-CV-94**
                                              Judge Bailey

**AMERICAN PETROLEUM PARTNERS,
LLC,** a Delaware limited liability company
now known as High Road Resources,
LLC, **AMERICAN PETROLEUM
PARTNERS OPERATING, LLC,** a West
Virginia limited liability company now
known as High Road Operating, LLC, and
**AMERICAN PETROLEUM PARTNERS
HOLDINGS, LLC,** a Delaware limited
liability company now known as High
Road Resources Holdings, LLC,

        Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before this Court are a variety of motions, which this Court will address in turn. On April 29, 2022, plaintiff filed her Motion for Leave to Amend the Complaint and Permit Designation of Expert Based on New Evidence Revealed in Discovery [Doc. 68], and a Memorandum in Support [Doc. 68-1]. Defendants filed respective Oppositions to the Motion for Leave to Amend the Complaint and Permit Designation of Expert Based on New Evidence Revealed in Discovery on May 11, 2022. *See* [Docs. 74 & 75]. Plaintiff filed a Reply on May 18, 2022. [Doc. 85].

Additionally, plaintiff filed an unopposed Motion for Leave to File Documents Under Seal, which relates to various documentation attached to her aforementioned Reply. [Doc. 84].

Finally, defendant American Petroleum Partners Operating, LLC ("defendant American") filed a Motion to Strike Plaintiff's Deposition Errata Sheet, or in the Alternative, Motion to Compel Plaintiff's Deposition on June 27, 2022. [Doc. 108]. To date, plaintiff has not filed any responsive briefing.

For the reasons contained herein, the Motion for Leave to Amend the Complaint and Permit Designation of Expert Based on New Evidence Revealed in Discovery will be denied, the Motion for Leave to File Documents Under Seal will be granted, and the Motion to Strike Plaintiff's Deposition Errata Sheet, or in the Alternative, Motion to Compel Plaintiff's Deposition will be granted in part.

## BACKGROUND

Plaintiff has filed four prior complaints and now seeks leave to file a fifth.[1] Presently, plaintiff's third amended complaint [Doc. 40] is the operative complaint–therein, she asserts a single claim for breach of contract following this Court's dismissal of her tort claims based on a barring by the applicable statute of limitations.

Plaintiff seeks leave to add a new claim for fraud, which is allegedly supported by newly discovered business records and communications exchanged throughout discovery. [Doc. 68-1 at 1–2]. Plaintiff contends there is good cause to allow amendment of the complaint under Fed. R. Civ. Pro. 16(b)(4), that she was diligent in serving discovery, and

---

[1] This Court denied plaintiff's last attempt to amend her complaint in its Order Denying Amendment on February 7, 2022. See [Doc. 54].

2

states that defendants will not be prejudiced by the proposed, additional amendment. [Id.]. Plaintiff also moves this Court to allow additional expert disclosure to address this discovery.

Contrarily, defendants argue plaintiff has demonstrated no good cause as required under Fed. R. Civ. Pro. 16(b)(4) to amend after this Court's imposed amendment deadline and, even if she had, she would be unable to satisfy the test for permissible amendment under Fed. R. Civ. Pro. 15. See [Doc. 98].

In addition to the arguments against the proposed amendments, defendant American also moves this Court to strike plaintiff's deposition errata sheet, or in the alternative, to compel plaintiff's deposition. [Doc. 108 at 1–2]. According to defendant American, the errata sheet contains material and substantive changes to plaintiff's previously given sworn testimony, and said changes alter fundamental issues addressed at plaintiff's deposition. [Id. at 2].

## APPLICABLE LAW

### I. Amendment

When a motion to amend a pleading is filed after a scheduling order's deadline for such motions, "a moving party first must satisfy the good cause standard of Rule 16(b). If the moving party satisfies Rule 16(b), the movant then must pass the tests for amendment under Rule 15(a)." ***Caiman E. Midstream v. Hall***, 2012 WL 4858764, at *2 (N.D. W.Va. Oct. 12, 2012) (Stamp, J.) (internal citation omitted).

"Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment.... [T]he focus of the inquiry is upon the moving party's reasons for seeking modification." ***Marcum v. Zimmer***, 163 F.R.D. 250, 254 (S.D. W.Va. 1995) (Haden,

3

C.J.) (internal citation omitted). To demonstrate good cause, a moving party must have been diligent in seeking to abide by the established deadlines in the schedule. *Cook v. Howard*, 484 F.App'x 805, 814–15 (4th Cir. 2012). Good cause requires "the party seeking relief [to] show that the deadlines cannot reasonably be met despite the party's diligence," and whatever other facts are also considered, "the good-cause standard will not be satisfied if the [district] court concludes that the party seeking relief (or that party's attorney) has not acted diligently in compliance with the schedule." *Id*. at 815 (citing 6A Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, *Federal Practice and Procedure Civ. 3d § 1522.2* (3d ed. 2010)).

In considering whether "good cause" excuses compliance with a scheduling order deadline, the court must examine whether the movant had been diligent, though unsuccessful, to acquire information that would have supported a timely motion to amend. *Cook*, 484 F.App'x at 818–19. The court's focus is appropriately and necessarily on the movant's overall conduct, and in particular what action led to missing the scheduling order's deadline. *Id*. (citing *Fahim v. Marriott Hotel Services, Inc.*, 551 F.3d 344, 348 (5th Cir. 2008) ("'Good cause' . . . requires a party to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.") (internal quotations omitted); *Leary v. Daeschner*, 349 F.3d 888, 907 (6th Cir. 2003) (holding that to show "good cause" a movant must demonstrate "that despite their diligence they could not meet the original deadline"). "Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Marcum*, 163 F.R.D. at 254. Where a party was not diligent, their motion to amend should be denied. *Id.*

4

When a plaintiff has satisfied Rule 16(b) in an attempt to amend a scheduling order, plaintiff must then satisfy the test to amend the pleading under Rule 15(a). *Id.* Rule 15(a) grants the district court broad discretion concerning motions to amend pleadings, but leave may be denied upon reasons "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." ***Caiman E. Midstream***, 2012 WL 4858764, at *1 (citing ***Foman v. Davis***, 371 U.S. 178, 182 (1962)); *see also* ***Ward Elec. Serv. v. First Commercial Bank***, 819 F.2d 496, 497 (4th Cir. 1987); ***Gladhill v. Gen. Motors Corp.***, 743 F.2d 1049, 1052 (4th Cir. 1984).

## II. Errata Sheet and Deposition Testimony

Federal Rule of Civil Procedure 30(e)(1) provides for the process under which a deponent may make changes to the form or substance of deposition testimony. Fourth Circuit precedence uniformly dictates that the technical requires of Rule 30(e)(1) are to be strictly applied. *See* ***E.I. du Pont de Neumors & Co. v. Kolon Inds.***, 277 F.R.D. 286, 295 (E.D. Va. 2011) (Payne, J.); ***Holland v. Cedar Creek Mining, Inc.***, 198 F.R.D. 651 (S.D. W.Va. 2001) (Goodwin, J.); ***Hershberger, et al. v. Ethicon Endo-Surger, Inc. et al.***, 2012 WL 1067941 (S.D. W.Va. Mar. 29, 2012) (Johnston, J.). In addition to timeliness of the alterations to deposition testimony, a deponent must provide "a specific reason that explains the nature of, and the need to make, the change." ***E.I. du Pont de Neumors & Co.***, 277 F.R.D. at 295 (citing ***Lugtig v. Thomas***, 89 F.R.D. 639, 641 (N.D. Ill. 1981)). A mere statement of some reason does not alone satisfy the rule. ***E.I. du Pont de Neumors & Co.***, 277 F.R.D. at 295.

## **DISCUSSION**

I.  **Motion for Leave to Amend the Complaint and Permit Designation of Expert Based on New Evidence Revealed in Discovery**

Based on the foregoing standards concerning amendment, this Court finds that plaintiff has failed to establish good cause for failing to amend her complaint before this Court's December 17, 2021, amendment deadline. Plaintiff attempts to blame the untimeliness of the motion on defendants' request for additional time to produce documents, but this argument is irrelevant where plaintiff failed to serve discovery on the defendants until well after the amendment deadline.

More specifically, the parties served their initial discovery disclosures on October 26, 2021. Approximately two months later on December 17, 2021, the deadline for amending pleadings passed. More than a month following the deadline, plaintiff served her first set of discovery requests upon defendants. Based on this time frame, plaintiff lacked diligence and fails to meet Rule 16's good cause standard.

Even assuming plaintiff could demonstrate good cause under Rule 16, she fails to meet the requirements of Rule 15 because the proposed amendment is futile.

A.  **Statute of Limitations**

As identified by defendants, the statute of limitations for plaintiff's proposed fraud claim is two years. See W.Va. Code Ann. § 55-2-12; see also **Univ. of W. Virginia Bd. Of Trustees v. VanVoorhies**, 84 F.Supp.2d 759, 786 (N.D. W.Va. 2000) (Broadwater, J.), aff'd, 278 F.3d 1288 (Fed. Cir. 2002). Under the discovery rule, the two-year statute of limitations for fraud claims commences when a person discovery or could have, with reasonable

diligence, discovered the fraud. *VanVoorhies*, 84 F.Supp.2d at 768 (citing *Stemple v. Dobson*, 184 W.Va. 317, 400 S.E.2d 561 (1990) ("Accordingly, we conclude that where a cause of action is based on tort or on a claim for fraud, the statute of limitations does not begin to run until the injured person knows, or by the exercise of reasonable diligence should know, of the nature of his injury.")).

This Court, in both its Order Granting Partial Motion to Dismiss [Doc. 36] and Order Denying Amendment [Doc. 54], held plaintiff knew, or should have known, about her tort injuries when defendants surrendered the subject lease on March 13, 2019, or when defendants sent her a February 28, 2019, letter informing her about lease non-pursuit. Plaintiff's proposed amended complaint [Doc. 68-23] contains the *same* allegations about the surrender and letter as did her second amended complaint [Doc. 12], from which this Court dismissed plaintiff's tort claims on statute of limitations grounds. *See* [Doc. 36]. Moreover, both the second amended complaint and the proposed amended complaint contain the same surrender and letter as exhibits.[2]

Plaintiff's request to amend was filed April 29, 2022, more than two years after plaintiff knew the facts giving rise to her fraud claim. Even if the fraud claim related back to her original complaint, filed June 17, 2021, the claim is still barred by the applicable statute of limitation. Accordingly, the proposed amendment is futile and the Motion must be denied.

---

[2]This Court notes that, in fact, plaintiff's proposed new claim for "fraud/concealment" is virtually identical to, and indistinguishable from, her prior claims for "concealment," "false promise," and "interference with prospective contract," which were all previously dismissed from her second amended complaint pursuant to the statute of limitations. For this reason, this Court rejects plaintiff's assertion that the statute of limitations should be tolled based on newly discovered evidence.

### B.      Gist of the Action

In addition to futility pursuant to the statute of limitations, plaintiff's proposed amendment is futile because it is barred by the gist of the action doctrine. West Virginia law requires tort claims to be based on an independent duty and prohibits tort claims based on contractual breaches. *Gaddy Engineering Co. v. Bowles Rice McDavid Graff & Love, LLP*, 231 W.Va. 577, 586, 746 S.E.2d 568, 577 (2013); *Covol Fuels No 4, LLC v. Pinnacle Min. Co., LLC*, 785 F.3d 104, 115 (4th Cir. 2015).

Plaintiff's proposed fraud claim is not based on an independent duty here; rather, her claim relates entirely to her breach of contract claim. Plaintiff alleges "[d]efendants made false representations to [p]laintiff, including without limitation, that APP was completing title during and beyond the 90 day due diligence period . . ." and that defendants concealed material facts related to the terms, conditions, duties, and responsibilities of the bonus payment contract. As such, this claim is predicated entirely on defendants' alleged breach of the lease and order of payment; it is not based on an independent duty existing outside of the bargaining documentation. Accordingly, plaintiff's proposed amendment is futile and the Motion must be denied.

### II.     Motion to Strike Plaintiff's Deposition Errata Sheet, or in the Alternative, Motion to Compel Plaintiff's Deposition

Defendant American contends that plaintiff's deposition errata sheet should be stricken, and this Court agrees. On April 26, 2022, plaintiff was deposed. On or about June 6, 2022, plaintiff and the Court Reporter served an errata sheet to the transcript of plaintiff's

deposition. Based on this Court's review, the errata sheet contains at least fifteen *substantive* changes to plaintiff's testimony, all accompanied by wholly insufficient justifications.[3]

Regarding the lease at issue, plaintiff's errata sheet substantively changes her testimony about signing one lease to signing "a packet of lease documents." Plaintiff's amended discovery responses, served in connection with the errata sheet, indicate that plaintiff now seeks recovery for more than one lease and order of payment.

Similarly, plaintiff substantively changed her testimony, via errata, concerning her payment expectations. During deposition, plaintiff testified numerous times that she expected to be paid a bonus based upon her ownership interest, only to then alter her testimony and include insinuations concerning a promised, additional payment.

Plaintiff also testified at deposition that she did not receive a termination notice from defendants. Plaintiff's errata sheet alters this testimony and informs that plaintiff did receive a termination notice. The errata sheet goes on to substantively change plaintiff's testimony about her own knowledge of her ownership interest, her reasons for bringing the lawsuit, and defendants' purported harassment of plaintiff.

Initially, this Court finds that plaintiff's cursory and perfunctory justifications for the alterations contained in the errata sheet do not satisfy Rule 30. Many of the substantive changes are made for "clarification," but plaintiff is not offering clarification in these instances; rather, she is substantively altering her testimony concerning the material underpinnings of this lawsuit. Because plaintiff fails to provide a specific reason explaining the need to

---

[3]This Court incorporates herein each instance of altered testimony identified by defendant American in its Motion [Doc. 108 at 3–9].

9

substantively alter sworn testimony after the fact, this Court will exercise its discretion and order the errata sheet stricken.

## CONCLUSION

For the reasons contained herein, the Motion for Leave to Amend the Complaint and Permit Designation of Expert Based on New Evidence Revealed in Discovery [**Doc. 68**] will be **DENIED**, the Motion for Leave to File Documents Under Seal [**Doc. 84**] will be **GRANTED,** and the Clerk is directed to file the sealed Reply as an independent docket entry. The Motion to Strike Plaintiff's Deposition Errata Sheet, or in the Alternative, Motion to Compel Plaintiff's Deposition [**Doc. 108**] will be **GRANTED IN PART**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

DATED: July **11**, 2022.

**JOHN PRESTON BAILEY**
**UNITED STATES DISTRICT JUDGE**